IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DARRELL N. MCKELVIE,** | : | |
| | : | |
| Petitioner, | : | **Civil Action** |
| | : | |
| v. | : | **NO. 00-3409** |
| | : | |
| **SUPERINTENDENT MARY LEFTRIDGE-BYRD, et al.** | : | |
| | : | |
| Respondents. | : | |

**RESPONSE TO PETITIONER'S RULE 60(B) MOTION**

Petitioner Darrell N. McKelvie is a Pennsylvania state prisoner who was convicted of first-degree murder in 1975 and is currently serving a mandatory sentence of life imprisonment. The District Court denied Mr. McKelvie's original petition for a writ of habeas corpus on the merits in 1985. *McKelvie v. Freeman, et al.*, No. 85-2083, Order (Oct. 29, 1985). Mr. McKelvie then filed a second habeas petition in 2000, which the District Court dismissed as successive in 2001. Docs. 1, 15. In February 2019, Mr. McKelvie filed a motion under Federal Rule of Civil Procedure Rule 60(b), seeking relief from the Court's 2001 judgment dismissing his successive petition. Doc. 20. For the reasons discussed below, no relief is due.

**Discussion**

Federal Rule of Civil Procedure 60(b) provides litigants with a mechanism by which they may obtain relief from a final judgment "under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Mr. McKelvie has specifically invoked Rule 60(b)(6), which permits relief from judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). While seemingly broad, this catch-all provision is actually quite limited. Relief is appropriate only in "extraordinary circumstances." *Gonzalez*, 545 U.S. at 535. In habeas proceedings, those circumstances "rarely" arise. *Id.*

1

A. *McQuiggin, Satterfield* and *Haskell* Do Not Constitute Extraordinary Circumstances Justifying Rule 60(b) Relief.

Mr. McKelvie's primary argument appears to be that the Supreme Court's decision in *McQuiggin v. Perkins*, 569 U.S. 383 (2013), as well as the Third Circuit's decisions in *Satterfield v. Dist. Att'y Phila.*, 872 F.3d 152 (3d Cir. 2017) and *Haskell v. Superintendent Greene SCI*, 866 F.3d 139 (3d Cir. 2017), constitute extraordinary circumstances justifying relief from the Court's 2001 judgment. *See* Doc. 20 at 4-5, 7. His argument is unavailing. "Intervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)." *Agostini v. Felton*, 521 U.S. 203, 239 (1997). "[A] change in the law doesn't even begin to support a Rule 60(b) motion unless the change in law is actually relevant to the movant's position." *Norris v. Brooks*, 794 F.3d 401, 405 (3d Cir. 2015).

*McQuiggin* has no relevance to this case. In *McQuiggin*, the Supreme Court held that actual innocence, if proved, serves as a gateway through which a habeas petitioner can pass to overcome the one-year statute of limitations on federal habeas petitions filed by state prisoners. 569 U.S. at 386. Here, Mr. McKelvie's original 1985 habeas petition was dismissed on the merits. The dismissal of his 2000 habeas petition—the judgment from which he seeks relief—was based on the fact that it was a second habeas petition filed without authorization from the Third Circuit. *See* Docs. 8, 15; *see also* 28 U.S.C. 2244(b)(3)(A) (requiring authorization from the court of appeals before the district court can consider a successive petition).[1] Because the district court dismissed Mr. McKelvie's petition as successive, *McQuiggin,* which implicates habeas claims dismissed on timeliness grounds, has no application to this case.

---

[1] Authorization by the Court of Appeals is jurisdictional; without it, "the district court may not consider [a] second or successive petition." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002); *see also Burton v. Stewart*, 549 U.S. 147, 152 (2007) (holding that because petitioner did not seek authorization to file a second or successive petition in the district court, the district court "never had jurisdiction to consider it in the first place").

2

*Satterfield* likewise has no relevance here. In *Satterfield*, the Third Circuit reaffirmed that pursuant to *McQuiggin*, there exists an actual-innocence exception to the habeas statute of limitations. 872 F.3d at 159. In addition, *Satterfield* reiterated the requirement that "[a] district court addressing a Rule 60(b)(6) motion premised on a change in decisional law must examine the full panoply of equitable circumstances in the particular case before rendering a decision." 872 F.3d at 155. It did nothing to alter the statutory requirement that a petitioner seeking to file a second habeas petition must first obtain authorization from the Third Circuit. *Satterfield* thus provides no support for relief under Rule 60(b)(6) here.

*Haskell* too provides no support for relief under Rule 60(b)(6). In *Haskell,* the Third Circuit "h[e]ld that the actual-prejudice standard of [*Brecht v. Abrahamson*, 507 U.S. 619, 619 (1993)] does not apply to claims on habeas that the state has knowingly presented or knowingly failed to correct perjured testimony." 866 F.3d at 152. Hence, like *McQuiggin* and *Satterfield*, *Haskell* is irrelevant to the judgment that Mr. McKelvie seeks relief from.[2] As noted, that judgment denied relief because Petitioner had filed a second habeas petition without authorization from the Third Circuit. Indeed, the Court had no jurisdiction to entertain any of the claims in the petition, much less consider whether any errors were harmless under *Brecht*. *See supra* note 1. As such, *Haskell* has no relevance to the Court's judgment denying relief.

---

[2] *Haskell* has no relevance to the judgment denying Mr. McKelvie's original petition either. That petition did not involve a perjured testimony claim. *See McKelvie v. Freeman, et al.*, No. 85-2083, Petition; Order (Oct. 29, 1985).

## CONCLUSION

For these reasons, Respondents respectfully request that Mr. McKelvie's Rule 60(b) motion be denied.

Respectfully submitted,

*/s/ Banafsheh Amirzadeh*
Banafsheh Amirzadeh
Assistant District Attorney, Federal Litigation Unit

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DARRELL N. MCKELVIE,** | : | |
| Petitioner, | : | **Civil Action** |
| v. | : | NO. 00-3409 |
| **SUPERINTENDENT MARY LEFTRIDGE-BYRD, et al.** | : | |
| Respondents. | : | |

## CERTIFICATE OF SERVICE

I, Banafsheh Amirzadeh, certify that November 27, 2019, a copy of this response was served via the Court's ECF system on counsel for Petitioner:

*Claudia Flores*
Assistant Federal Defender, Non-Capital Habeas Unit
Federal Community Defender Office for the Eastern District of Pennsylvania
601 Walnut Street, Suite 540W
Philadelphia, PA 19106
215-928-1100


*/s/ Banafsheh Amirzadeh*
Banafsheh Amirzadeh
Assistant District Attorney, Federal Litigation Unit
Philadelphia District Attorney's Office
3 South Penn Square
Philadelphia, PA 19107-3499
(215) 686-9680